U.S. BANKRUPTCY COURT
E.D.N.Y.

-----------------------------------x

In re:
HERMAN SEGAL, Debtor — Case # 13-45519 (nhl)

-----------------------------------x

Richard O'Connell as Trustee
Plaintiff,

-against-

567 Warren St. LLC, et. al
Defendants.

OBJECTIONS

Adv. #15-1135

-----------------------------------x

Defendants 565 Warren, LLC and 567 Warren St. LLC, by their attorney, Jon Ari Lefkowitz, hereby submits objections to the motion of the trustee for a default judgment as follows:

Harry Einhorn, managing member of 565 and 567 Warren St. LLC, hereby declares. I have personal knowledge of everything stated herein, and I make this declaration in opposition to the motion of the trustee.

The default should be vacated, and there should be no judgment against this defendant, as it has both a legitimate excuse for not answering the summons and a meritorious defense to the complaint.

The reason for not answering the summons is that he address where the trustee served the summons on 567 Warren St. LLC is not the correct address. In his, motion, the trustee wrote (paragraphs11) that he served the amended summons and complaint on 567 Warren St. LLC by mailing the documents to 100A Broadway #110 Brooklyn, NY 11249. However, the actual mailing address of the defendant was 567 Warren St, as can be seen from the utility bill annexed hereto as Exhibit A. Therefore, 567 Warren St. LLC did not receive either the summons or amended summons.

The meritorious defense is that all of the allegations in the amended complaint

pertaining to 567 Warren St. LLC are not true. [567 Warren St. LLC does not know about the allegations pertaining to other parties, nor have anything to do with them.] First, it is not true that Herman Segal controls or has any interest whatsoever in 567 Warren St. LLC or that it is an "insider". (amended complaint, para. 11 and 134, 166). Annexed hereto as Exhibit B is the operating agreement for 567 Warren St. LLC. This shows that Harry Einhorn owns 100% of the LLC.

Second, the debtor did make payments of principal and interest to Harry Einhorn, and there is and was nothing underhanded about this. The transfer to 565 and 567 Warren St. LLC of $133,449.00 (mentioned in paragraph 130 of the complaint) was for repayment of this loan. (see option agreement annexed as Exhibit C, and payment ledger annexed as Exhibit D).

It is true that I transferred my Eagle Park interest to Galpern. In exchange for this, I received a check for $275,000.00 from Galpern plus $69,800.00 from the debtor and others. There was nothing fraudulent about these conveyances. The debtor did receive fair consideration, to wit, proceeds of the above loan on January 25, 2011. (see Exhibit C and E)

The defendant did have good faith in accepting these funds because there was nothing untoward about the "circumstances of the transfer". All transfers were done at arm's length with attorneys representing the parties. (See closing statement annexed as Exhibit F). It was not the job of 567 Warren St. LLC to inquire about any of the things raised by the trustee in his paragraph 157, and the trustee has not set forth any basis for the notion that such an investigation was the job of 567 Warren St. LLC. Which party to a real estate transaction investigates the criminal background and history of the other

parties? The buyer hires a title company, and the title company investigates whatever it must investigate, and the seller does not even do that. That is the extent of normal due diligence.

Dated: Brooklyn, NY
December 24, 2015

S/
Harry Einhorn
for defendant 567 Warren St. LLC